**Nelson Manuel GALAPON, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–74149,**

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2004.[*]

Decided May 14, 2004.

Lizbeth A. Galdamez, Law Offices of Michael P. Karr, & Associates, Sacramento, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief

Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Michele Y.F. Sarko, Attorney, Allen W. Hausman, Attorney, Kurt B. Larson, U.S. Department of Justice, Washington, DC, for Respondent.

Before: CANBY, KOZINSKI, and PAEZ, Circuit Judges.

MEMORANDUM [**]

Nelson Manuel Galapon, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an Immigration Judge's denial of his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review. *See Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000) ("[T]he IJ's determination that an alien is not eligible for asylum must be upheld if supported by reasonable, substantial, and probative evidence in the record.").

Substantial evidence supports the BIA's conclusion that Galapon did not demonstrate past persecution. The New People's Army recruiters threatened him several times and he was once "slapped ... hard." These circumstances do not rise to the level of past persecution. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir.2000) (only in "certain extreme cases [have we] held that repeated and especially menacing death threats can constitute a primary part of a past persecution claim").

Addressing Galapon's well-founded fear of persecution, the BIA concluded that Galapon can live safely elsewhere in the Philippines. Substantial evidence supports the reasonableness of Galapon's relocation to a

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

part of the country where he lived undisturbed for more than three years after the initial forced recruitment attempt. *See Melkonian v. Ashcroft,* 320 F.3d 1061, 1069–70 (9th Cir.2003) (holding it proper to "deny eligibility for asylum to an applicant who has otherwise demonstrated a well-founded fear of persecution where the evidence establishes that internal relocation is a reasonable option under all of the circumstances"). The BIA's additional reference to changed country conditions does not alter our conclusion. *Cf. Cardenas v. INS,* 294 F.3d 1062, 1066–67 (9th Cir.2002) (reversing BIA's finding on reasonable internal relocation where petitioner received a threat at his new residence and the State Department report did not assert that the guerrillas' geographical reach was reduced).

By failing to qualify for asylum, Galapon necessarily fails to satisfy the more stringent standard required to establish eligibility for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), Galapon's motion for stay of removal included a timely request for stay of voluntary departure. Because the motion for stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, *nunc pro tunc,* to the filing of the motion for stay of removal, and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.